UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RACHEL M. TERI and DANIEL WATKINS, on
behalf of themselves and all other similarly
situated current and former employees as Class
Representatives,

                  Plaintiffs,

    -v.-

OXFORD MANAGEMENT SERVICES, INC., a
New York corporation, RICHARD A. PINTO,
Chairman of the Board of Oxford Management
Services, Inc., CHARLES HARRIS, Board Member
and Executive Vice President of Oxford Management
Services, Inc., PATRICK R. PINTO, Vice Chairman
of the Board of Oxford Management Services, Inc.,
PETER C. PINTO, President of Oxford Management
Services, Inc., JOHN P. FIUMANO, Chief Operating
Officer of Oxford Management Services, Inc.,
SALVATORE SPINELLI, SALVATORE SPINELLI
LAW OFFICE,

                Defendants.

_____

**MEMORANDUM AND ORDER**
05-CV-2777 (DRH)(WDW)

**APPEARANCES:**

**For the Plaintiffs:**
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178
By:  Jean Y. Park, Esq.
      John E. Kiley, Esq.

**For the Defendants:**
**JOHN G. POLI, III, P.C.**
200 Laurel Avenue
P.O. Box 59
Northport, New York 11768
By:  John G. Poli, III, Esq.

**HURLEY, Senior District Judge:**

        Plaintiffs Rachel M. Teri and Daniel Watkins ("Plaintiffs"), on behalf of

themselves and on behalf of a class of individuals, commenced this action against Oxford

Management Services, Inc. and several current and former officers of Oxford (hereinafter

collectively referred to as "Oxford"), seeking to recover their unpaid overtime compensation

pursuant to the Fair Labor Standards Act and New York labor laws.  On September 30, 2008,

Magistrate Judge Wall issued a Report and Recommendation (the "Report") granting Plaintiffs'

motion for sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A) and

recommended that Oxford's Answer be stricken and a default judgment entered.  Presently

before the Court are defendants' objections to the Report.  For the reasons that follow, the Report

is adopted in its entirety.

## BACKGROUND

The background of this case is more fully set forth in the Report, familiarity with

which is assumed.  Thus, the Court will only state the facts necessary for disposition of the

instant motion.

Oxford Management Services, Inc. is a New York corporation located in

Melville, New York and is in the business of providing collections and accounts receivables

services.  Plaintiffs are former collections agents of Oxford Management Services, Inc. who

regularly worked more than 40 hours per week but were allegedly not paid overtime wages.

Plaintiffs' Complaint seeks to recover from Oxford, jointly and severally, their unpaid overtime

compensation pursuant to the Fair Labor Standards Act and the New York labor laws.

Plaintiffs served document demands and requests for interrogatories on Oxford on

January 30, 2006, and when Oxford's counsel indicated that he had not received those demands,

re-served them on April 27, 2006.  The demands requested, inter alia, that Oxford produce all

personnel, payroll and time records for all persons performing collections work from June 9, 1999 forward. According to Plaintiffs, Oxford's responses failed to include a single time sheet, payroll record or paycheck stub.

Thereafter, Plaintiffs made three motions to compel the production of various documents, dated July 27, 2006, August 21, 2006, and October 6, 2006. The first motion was granted in part by Judge Wall on August 24, 2007, and the latter two motions were granted in their entirety on September 1, 2006, and March 9, 2007, respectively. (*See* docket nos. 29, 30, 51, and 54.) As explained in Judge Wall's thorough Report, these motions were the result of a "pattern not unfamiliar in this litigation – defendants fail to produce materials, plaintiffs move for relief before the court, and defendants respond by providing some, but not all, of the outstanding discovery." (Report at 2.) Judge Wall's March 9, 2007 Order also awarded sanctions to Plaintiffs in the form of "attorney's fees and costs in connection with all three motions that [Plaintiffs] had to make and the cost of their two inspections, which were totally inadequate." (Docket no. 54 at 7.) None of these Orders was appealed.

After Oxford failed to comply with Judge Wall's March 9, 2007 Order, including failing to pay Plaintiffs' attorneys' fees and costs, Plaintiffs sought permission to make a motion to strike Oxford's Answer. Oxford opposed the application. By Order dated May 11, 2007, Judge Wall granted Plaintiffs' request and Plaintiffs' fully briefed motion seeking to strike Oxford's Answer was filed on August 13, 2007.

On September 18, 2007, this Court granted Plaintiffs' motion to amend their Complaint to add Salvatore Spinelli ("Spinelli"), Oxford's General Counsel, as an individual defendant. On September 30, 2008, the Report was issued.

In the Report, Judge Wall details Oxford's repeated and flagrant violations of Court Orders and failure to produce documents "that represent the very heart of [P]laintiffs' case for unpaid overtime wages." (Report at 16.) After a review of the five factors courts apply in determining whether to impose sanctions under Rule 37 (*see id.* at 10-18), Judge Wall concluded that all five factors supported a determination that Plaintiffs' motion should be granted. Judge Wall therefore recommended that Oxford's Answer be struck and default judgment entered.

Oxford has filed timely objections to the Report. For the reasons stated below, Oxford's objections are denied and the Report is adopted in its entirety.

## DISCUSSION

### I. *Applicable Legal Standard*

This Court reviews a magistrate judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard; dispositive matters to which written objections have been made are reviewed de novo. *See* Fed. R. Civ. P. 72. Here, Judge Wall's recommendation that Oxford's Answer be struck and default judgment entered is dispositive and the Court will therefore apply de novo review.

### II. *The Report is Adopted*

#### A. *The Objections*

Oxford raises four objections to the Report. The Court will address them in turn.

##### 1. *No Evidentiary Hearing Was Required*

First, Oxford argues that "absent an evidentiary hearing on . . . disputed issues," the record does not support Judge Wall's finding that Oxford was grossly negligent in failing to comply with discovery orders. (Oxford's Reply at 5.) Oxford cites no authority for this

proposition.

As an initial matter, Oxford never requested an evidentiary hearing before Judge Wall and therefore cannot assert this argument for the first time before this Court. *See, e.g.*, *Carroll v. David*, 2009 WL 666395, at *1 (N.D.N.Y. Mar. 11, 2009) ("I[t] is generally accepted that an argument not raised before the magistrate judge is waived and cannot be asserted for the first time before the district court."). Even assuming arguendo, however, that Oxford had raised this argument before Judge Wall, it would still lack merit.

As Judge Wall recognized, under Rule 37, the most severe sanctions, such as striking of pleadings, should not be imposed unless the failure to comply with a discovery order "'is due to willfulness, bad faith, fault or gross negligence, rather than inability to comply or mere oversight.'" *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting *Hochberg v. Howlett*, 1994 WL 174337, at *3 (S.D.N.Y. 1994), *aff'd*, 50 F.3d 3 (2d Cir. 1995)); *see also Luft v.Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990). Here, Judge Wall found that Oxford's behavior was at the very least grossly negligent. (*See* Report at 11-16.) As explained by Judge Wall:

> [W]hile the acts of defendants, viewed individually, might be excused as simple acts of negligence, examination of their actions as a whole warrants a different conclusion. Consideration of defendants' actions throughout discovery – their piecemeal production of materials only after motion practice, their frequent declarations of diligence followed by production of more responsive materials, their obstructive conduct of not making specific materials available for review in violation of a court order, their late insistence on a confidentiality order as a condition for production, their suggestions that they need not produce court-ordered materials because of a possible statute of limitations defense or that the matter need not be resolved in federal court, their "objections" directed to the recipient of a non-party subpoena – leads the court to a finding that their behavior has been, at the

very least, grossly negligent.

(*Id.* at 15-16.)

Oxford now argues that there were disputed issues concerning Oxford's culpability that needed to be flushed out at a hearing. However, the only issue articulated is whether Oxford's inability to retrieve and produce employee time records was a deliberate act to avoid disclosure or whether these records were inadvertently lost or destroyed before this litigation was commenced. (*See* Oxford's Reply at 3; Oxford's Objections at 3.) The Report's finding of gross negligence, however, is supported even absent examination into this issue. The Report sets forth many examples of Oxford's flagrant delay and, in some cases, utter failure, to comply with discovery orders, which failures are not in dispute. Moreover, Oxford was given an opportunity to respond to Plaintiffs' motion to strike, and in fact did so by filing opposition papers. In light of Oxford's dilatory and obstructive behavior, the Court finds that upon de novo review, Judge Wall's finding of gross negligence was more than supported by the record and that no hearing was required. *Cf. Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1165 (9th Cir. 2003) ("Here, Paladin received notice of the possibility of sanctions when MPC filed its motions for costs. It was afforded the opportunity to respond, and did indeed do so by filing a responsive brief. Given that the issues were such that an evidentiary hearing would not have aided its decisionmaking process, the district court did not abuse its discretion in proceeding without an evidentiary hearing after briefing.").

## 2.     *Oxford was Provided with Sufficient Notice*

Next, Oxford asserts that "at no time did the magistrate provide any cautionary warning . . . that any further failure to comply with the court's discovery order(s) would result in any preclusive evidentiary sanctions, the striking o[f] their answer or a default judgment." (Oxford's Objections at 4.)  As with Oxford's first argument, Oxford failed to raise inadequate notice in opposition to Plaintiffs' motion to strike before Judge Wall and has therefore waived the right to object to the Report on this ground.  *See Carroll*, 2009 WL 666395, at *1.  Even were the Court to consider this argument, it would still be denied.

In *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991), the Second Circuit explicitly rejected the claim that a cautionary warning was a condition precedent to the imposition of severe sanctions under Rule 37.  The court explained:

> Although formal warnings often precede the imposition of serious sanctions, this court has never considered warnings an absolute condition precedent. On the contrary, as indicated *supra*, we have examined the record to ascertain if the party's disregard of court ordered discovery justified the sanctions imposed by the district court.  We decline to hobble the necessary discretion of district courts to control discovery by imposing a further requirement of formal and specific warnings before imposing Rule 37(b)(2) sanctions, bearing in mind that, as we hold *supra*, such sanctions can only be imposed for violation of a specific, previously entered court order.  Parties and counsel have no absolute entitlement to be "warned" that they disobey court orders at their peril.

*Id.* at 1366.

Here, Judge Wall entertained four motions to compel filed by Plaintiffs and held conferences at which oral argument was heard.  Plaintiffs made the instant motion to strike Oxford's Answer only after requesting permission to do so, which application Oxford opposed. As noted by Judge Wall, even with the present motion pending, Oxford only partially complied

with the previous Orders to produce. Under these circumstances, this Court agrees with Judge Wall that Oxford "cannot seriously argue that they did not realize that plaintiffs['] motion could be granted." (Report at 17-18.)

In sum, because formal warnings are not necessary before sanctions pursuant to Rule 37(b)(2) are imposed, and given that the record reflects repeated failures by Oxford to comply with Court orders, Oxford's objection is denied.

### 3.     *Judge Wall Considered the Imposition of a Lesser Sanction*

Next, Oxford argues that Judge Wall "failed to consider the full record and the appropriateness and adequacy of a lesser sanction other than dismissal." (Oxford's Objections at 5.) In this regard, Oxford contends that the severity of the penalty should be commensurate with the noncompliance and suggests that instead of striking Oxford's Answer, the more appropriate sanction – which would address the impact of Oxford's failure to disclose certain documents head on – would be to preclude Oxford from introducing any documentary evidence on the issue of unpaid overtime wages for any plaintiff for whom this documentary evidence was not previously provided. (*Id.* at 6.) Oxford also maintains that its failure to comply with the first discovery sanction ordered by Judge Wall, viz. Oxford's failure to pay Plaintiffs' reasonable attorneys' fees and costs, should have no bearing on the instant application because Judge Wall failed to conduct an evidentiary hearing on the issue of fees. (*Id.*) Oxford's arguments fail.

Judge Wall explicitly addressed the efficacy of a lesser sanction, noting that "despite three orders directing compliance and the imposition of monetary sanctions, defendants continue to delay and obstruct." (Report at 16.) He specifically considered and rejected what Oxford characterizes as the lesser sanction of preclusion, reasoning that "since the documents

sought 'relate to damages [i.e., Plaintiffs' unpaid hourly overtime wages], the distinction between preclusion and dismissal is negligible.'" (*Id.* (quoting *Perez v. Siragusa,* 2008 WL 2704402, at *6 (E.D.N.Y. July 3, 2008).) Moreover, since Oxford never sought reconsideration of nor appealed Judge Wall's imposition of monetary sanctions, Oxford cannot now be heard to complain about the reasonableness of that sanction.

In sum, the Court finds that Oxford's objections have no merit and that Judge Wall properly concluded that a lesser sanction would neither remedy Oxford's noncompliance nor deter future misconduct.

### 4.    *The Report does not Apply to Spinelli*

Lastly, Oxford argues that any sanction should not be imposed on Spinelli, who was added as a defendant via the filing of Plaintiffs' Amended Complaint on October 12, 2007, *after* Plaintiffs moved to strike Oxford's Answer. Oxford, of course, is correct. The Court does not read the Report to apply to Spinelli. However, to the extent the Report could be so construed, the Court now makes clear that the sanction imposed by this Order does not apply to Spinelli.

### CONCLUSION

For the foregoing reasons, Oxford's objections are denied and the September 30, 2008 Report and Recommendation [77] of Judge Wall is adopted in its entirety. Accordingly, the Answer of defendants Oxford Management Services, Inc., Richard A. Pinto, Charles Harris, Patrick R. Pinto, Peter C. Pinto, and John P. Fiumano is hereby STRICKEN and the Clerk of the Court is directed to note the default of these defendants. However, because Plaintiffs' claims against defendant Salvatore Spinelli remain pending, and because Plaintiffs have not moved

under Rule 54(b) for the entry of a final judgment as to the defaulting defendants,[1] default

judgment will not be entered until such time as Plaintiffs' claims against Spinelli are resolved.

*See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and

Procedure §2690 (3d ed. 1998) ("As a general rule then, when one of several defendants who is

alleged to be jointly liable defaults, judgment should not be entered against that defendant until

the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

**SO ORDERED.**

Dated: Central Islip, N.Y.
   November 18, 2009

     /s_____
     Denis R. Hurley,
     United States District Judge

---

[1] Rule 54(b) provides that "a court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).